IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JUSTIN RAY JONES                                                                                          PLAINTIFF

v.                                         Civil No. 2:21-cv-02206-PKH-MEF

SHERIFF HOBERT RUNION;
DEPUTY SHERIFF CORPRAL BRYANT;
DEPUTY SHERIFF OFFICER DAVIS; and
DEPUTY SHERIFF OFFICER BALL                                                                    DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Plaintiff, Justin Ray Jones, filed this 42 U.S.C. § 1983 action *pro se* on December 21, 2021. (ECF No. 1). Plaintiff was granted leave to proceed *in forma pauperis* on the same day. (ECF No. 4). Before the Court is Plaintiff's failure to comply with orders of the Court.

On October 11, 2022, the Court ordered Plaintiff to respond to Defendants' Motion for Summary Judgment. (ECF No. 29). In this Order, Plaintiff was advised that failure to timely and properly comply with this Order would subject the case to dismissal. (ECF No. 29). This Order was not returned as undeliverable mail, and Plaintiff failed to respond.

On November 7, 2022, the Court entered an Order to Show Cause directing Plaintiff to show cause, within 21 days, why he failed to obey the Court's Order of October 11, 2022, and respond to Defendants' Motion for Summary Judgment. (ECF No. 30). The Order to Show Cause also advised Plaintiff that failure to respond would subject this action to dismissal. *Id.* This Order was not returned as undeliverable mail. To date, Plaintiff has failed to respond to the Court's

Order to Show Cause or the Defendants' Motion for Summary Judgment.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 6) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

        DATED this 12th day of December 2022.

                                              /s/ *Mark E. Ford*
                                              HON. MARK E. FORD
                                              UNITED STATES MAGISTRATE JUDGE